COMMONWEALTH *vs.* JOSEPH F. LABRIOLA.

Norfolk.    May 3, 1976. — June 2, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Homicide. Search and Seizure. Error,* Whether error harmful. *Practice, Criminal,* New trial.

At a criminal trial, evidence that, after a defendant was arrested and given Miranda warnings, he asked the arresting officer to stop at a garage and pick up a briefcase, containing a large amount of money which was opened at police headquarters with a key furnished by the defendant warranted a finding that the defendant consented voluntarily to the opening of the briefcase. [367-368]

Although there had been evidence at a criminal trial that tire tracks at the scene of the crime were seventy-four inches wide and that the defendant was driving a 1970 Volkswagen on the day of the crime, a new trial was not warranted by evidence that the tracks of the defendant's car were fifty-four inches wide nor by testimony of trial counsel that he did not consider the measurement of the tracks significant. [368]

INDICTMENT found and returned in the Superior Court on June 4, 1973.

A pre-trial motion to suppress evidence was heard by *Lappin,* J., and the case was tried before him.

*Malvine Nathanson* for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant appeals from his conviction of murder in the first degree and from the denial of his motion for a new trial. We uphold the rulings of the judge. As to the suppression of money found in the defendant's briefcase, we hold that (1) the judge was warranted in finding that the defendant voluntarily consented to the opening of the briefcase, (2) in the circumstances, the police were justified in taking an inventory of its contents, and (3) any error in these respects was harmless beyond

a reasonable doubt. We also hold that there was no error in denying the motion for a new trial, and we find no occasion for disturbing the conviction under G. L. c. 278, § 33E.

The jury could have found, from the defendant's own testimony, that on the night of May 10, 1973, he drove the victim, a dealer in cocaine, to the spot where the body, shot eleven times, was found the next morning. There was also evidence that the defendant later had with him cocaine from the victim's "private stash," that he went to New Jersey the next morning, that he had substantial sums of money thereafter, that he was in Roanoke, Virginia, a week later, and that he was planning to drive to Arizona. There was also evidence that the defendant had given several significantly different versions of the critical events.

1. *The motion to suppress.* The evidence on the motion to suppress consisted entirely of the testimony of a Roanoke police officer. He testified that he arrested the defendant at a restaurant in Roanoke a week after the crime, that he patted the defendant down for weapons and found a knife, and that the defendant gave a false name. The defendant was given Miranda warnings, and he asked the officer to stop at a local Pontiac garage and pick up a briefcase. The officer picked up the briefcase from the office manager there and was told it was full of money. The defendant was then taken to police headquarters and searched, the briefcase was opened with a key furnished by the defendant, and the money, $4,400, was counted in the defendant's presence. The judge made findings in accordance with this testimony, found that "the defendant gave his consent voluntarily and the subsequent search was not unreasonable," and denied the motion to suppress.

We think the evidence warranted the judge's finding that the defendant consented to the opening of the briefcase. Contrary to the defendant's contention, even though he was in custody there was no requirement of a showing that he knew of his right to refuse his consent. *United States* v. *Watson,* 423 U.S. 411, 424-425 (1976). Cf. *Commonwealth* v. *Roy,* 349 Mass. 224, 228-230 (1965); *United States* v. *DiPrima,* 472 F.2d 550, 551 (1st Cir. 1973); *Lea-*

*vitt* v. *Howard,* 462 F.2d 992, 998 (1st Cir.), cert. denied, 409 U.S. 884 (1972). Moreover, apart from the defendant's consent, the opening of the briefcase and counting of the money was necessary to safeguard the defendant's property and to protect the police from false claims. See *Commonwealth* v. *Ross,* 361 Mass. 665, 681 n.7 (1972), vacated on other grounds, 410 U.S. 901 (1973); *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 282-283 (1974), and cases cited. As to police inventory procedures in Roanoke, see *Cabbler* v. *Commonwealth,* 212 Va. 520, 522-523 (1971), cert. denied, 405 U.S. 1073 (1972). *Cabbler* v. *Superintendent,* 528 F.2d 1142, 1145-1147 (4th Cir. 1975).

If there was error in denying the motion to suppress, the error was harmless beyond a reasonable doubt. The defendant's possession of a large sum of money shortly after the crime was used to support the prosecution's theory, based on statements by the defendant, that the defendant had been hired to do the killing. But there was ample other evidence that the defendant was carrying substantial amounts of cash shortly after the killing.

2. *The motion for a new trial.* At the trial there was evidence of tire tracks at the scene of the crime, seventy-four inches wide. The defendant testified that he was driving a 1970 Volkswagen automobile. Evidence on the motion for a new trial established that the tracks of such a car are only fifty-four inches wide. The defendant's trial counsel testified on the motion for a new trial that he did not think the measurement of the tire tracks was particularly significant, and the judge found that the tire track evidence was adequately presented to the jury for their consideration: "The fact that the present counsel considers it to have greater significance than did trial counsel brings nothing new to the case." We find no error or abuse of discretion in the judge's denial of the motion.

3. *Section 33E.* The transcript has been read in the light of our power and duty under G. L. c. 278, § 33E. We do not find reason to disturb the conviction.

*Judgment affirmed.*