COMMONWEALTH vs. RICHARD E. WILSON.

Hampshire. February 9, 1983. — May 4, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Arrest, Incarceration.

An inventory search of a defendant's wallet in the course of his incarceration following his arrest for assault and battery by means of a dangerous weapon did not violate either the Fourth Amendment to the United States Constitution or G. L. c. 276, § 1, and consequently a quantity of LSD found in the wallet was admissible in evidence at his trial on charges of illegal possession of the drug. [116-119]

INDICTMENT found and returned in the Superior Court Department on November 24, 1981.

A motion to suppress evidence was heard by *Moriarty, J.*, and the case was tried before him.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Marvin H. Margolies* for the defendant.

*Brian L. Blackburn*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals from his conviction of possession of lysergic acid diethylamide (LSD) (G. L. c. 94C, § 31), which was found in his wallet at the Hampshire County jail during an inventory search in the course of his incarceration following his arrest on a wholly different criminal charge. A judge in the Superior Court denied the defendant's motion to suppress the LSD. We transferred his appeal to this court on our own motion. We affirm the conviction.

The judge found that in the early morning hours of April 17, 1981, the defendant was placed in protective custody at

a dormitory on the Amherst campus of the University of Massachusetts and taken to the Amherst police station. Shortly after 5 A.M., he was advised that he was under arrest on a charge of assault and battery by means of a dangerous weapon. The defendant was then taken to the Hampshire County jail in Northampton. Deputy Sheriff Philip McArdle admitted the defendant. He took his wallet, looked through it, and found two "doses" of LSD.

The judge concluded that it is quite usual and reasonable for officers in charge of jails to take items of personal property from newly admitted prisoners. He also found that it was reasonable for McArdle to make an inventory of the contents of the wallet as a protection for the prisoner and others and that McArdle inadvertently discovered the LSD. The judge ruled that McArdle was not bound to ignore the LSD and that the search was lawful.

Although the defendant does not challenge the judge's findings of subsidiary facts, he does argue that the search was not justified as an inventory search and that, because there was no probable cause to search the wallet, the search and seizure were unreasonable in violation of the Fourth Amendment to the Constitution of the United States. He makes no independent claim based on the Constitution of the Commonwealth. He argues further that, even if the search was reasonable on constitutional principles, the evidence must be suppressed because the search violated the provision in G. L. c. 276, § 1, that declares property seized in violation of that section to be inadmissible in evidence.[1]

1. There is substantial authority in support of the reasonableness of an inventory search of the property of a person

---

[1] The relevant portion of G. L. c. 276, § 1, is its second paragraph, inserted by St. 1974, c. 508:

"A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings."

who has been arrested and placed in police custody. See *South Dakota* v. *Opperman,* 428 U.S. 364, 369 (1976) (search of motor vehicle); *United States* v. *Edwards,* 415 U.S. 800, 803-804 & n.6 (1974) (search of clothing); *State* v. *Dubay,* 313 A.2d 908, 912 (Me. 1974) (LSD in wallet; Federal constitutional grounds), *S.C.,* 338 A.2d 797, 798 (Me. 1975) (LSD in wallet; State constitutional grounds); *State* v. *Florance,* 270 Or. 169, 185-186 (1974) (drugs in wallet); 2 W. LaFave, Search and Seizure § 5.3, at 306-307 (1978). Such searches have been upheld as reasonable, where they are conducted in accord with standard procedures and are not a pretext, because they protect the defendant's property and ensure the police against later claims of theft or lost property. See *Commonwealth* v. *Hason,* 387 Mass. 169, 177-178 (1982); *Commonwealth* v. *Benoit,* 382 Mass. 210, 219 (1981); *Commonwealth* v. *White,* 374 Mass. 132, 140 (1977), aff'd by an equally divided court, 439 U.S. 280 (1978); *Commonwealth* v. *LaBriola,* 370 Mass. 366, 368 (1976); *Commonwealth* v. *Ross,* 361 Mass. 665, 681 n.7 (1972), judgment vacated on other grounds, 410 U.S. 901, aff'd on rehearing, 363 Mass. 665, cert. denied, 414 U.S. 1080 (1973).[2] Although the demonstration that the search was made pursuant to standard procedures could have been more detailed, the routine nature of the search is supported by the judge's finding that such searches are usual and by the statutory duty of the sheriff and his assistants to "keep a record of all money or other property found in possession of prisoners." See G. L. c. 127, § 3, as amended by St. 1962, c. 569. Thus, we conclude that the search of the defendant's wallet was not an unreasonable search in violation of his rights under the Fourth Amendment.

---

[2] Another justification for preincarceration searches is to keep weapons and contraband from the prison population. This objective, however, does not justify the inspection of the contents of a wallet if the custodian is going to retain it. The record here does not indicate whether the deputy sheriff would have retained the wallet.

2. The defendant relies on the protection of G. L. c. 276, § 1, which he asserts goes beyond constitutional requirements and bars the admission of the LSD. The second paragraph of § 1 authorizes a search to be made incident to an arrest only (1) for the purpose of seizing evidence of the crime for which the arrest has been made in order to prevent its destruction or concealment or (2) for the purpose of removing any weapon the person arrested might use to resist arrest or to escape. Any property seized as a result of a search in violation of this limitation is inadmissible in evidence in criminal proceedings. This paragraph was added in 1974 apparently in response to the opinion of the United States Supreme Court in *United States* v. *Robinson*, 414 U.S. 218 (1973). See Fiftieth Report of the Judicial Council, Pub. Doc. No. 144, at 118-122 (1975). The Court in the *Robinson* case upheld as reasonable a search of the defendant, immediately following his arrest for a traffic violation, during which police found heroin in a crumpled cigarette package removed from the defendant's coat pocket. By adding the second paragraph to § 1, the Legislature signaled its disapproval of the general rule that evidence of another crime found during a search incident to arrest may be admitted in evidence against the arrested person.

We need not decide whether an inventory search of the wallet of a person who has been arrested and is about to be incarcerated is "a search conducted incident to an arrest" within the meaning of § 1. The search certainly followed the defendant's arrest, but, for the purposes of § 1, the search might be regarded as incident to his incarceration and not incident to his arrest. Cf. *Commonwealth* v. *Bowlen*, 351 Mass. 655, 657, cert. denied sub nom. *Gilday* v. *Massachusetts*, 389 U.S. 916 (1967). Section 1 provides that "[n]othing in this section shall be construed to abrogate, impair or limit powers of search and seizure granted under other provisions of the General Laws or under the common law." G. L. c. 276, § 1, as amended through St. 1982, c. 260. We have already noted that the inventory

search was conducted pursuant to the requirements of G. L. c. 127, § 3.[3] This section is one of the "other provisions of the General Laws" to which § 1 refers, and we construe the second paragraph of § 1 as not limiting the admissibility of evidence found during a search of the type involved here.

3. Because the LSD was seized pursuant to a constitutionally permissible inventory search and pursuant to a statutory authorization for that search (which is not overridden by any limitation in G. L. c. 276, § 1), the motion to suppress was properly denied.

*Judgment affirmed.*

---

[3] The first sentence of G. L. c. 127, § 3, provides, in reference to superintendents and keepers of jails (and of other penal institutions): "They shall keep a record of all money or other property found in possession of prisoners committed to such institutions, and shall be responsible to the commonwealth for the safe keeping and delivery of said property to said prisoners or their order on their discharge or at any time before."