COMMONWEALTH vs. GEORGE SERGIENKO.

Hampden.  December 2, 1986. — February 24, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Search and Seizure,* Automobile, Plain view, Expectation of privacy, Exigent circumstances. *Constitutional Law,* Search and seizure.

An individual had no legitimate expectation of privacy in that portion of the interior of his automobile which could be viewed from outside the vehicle, and, consequently a police officer who, with the aid of a flashlight, made a plain view observation of a "roach clip" on the front seat and a hand-rolled cigarette in an ashtray, which he believed to be marihuana, conducted no search within the meaning of the Fourth Amendment to the United States Constitution. [293-295]
A warrantless seizure by police of a marihuana cigarette almost four and one-half hours after it was first observed through the window of a locked automobile, was not, as matter of law, justifiable by exigent circumstances. [295-297]

INDICTMENT found and returned in the Superior Court Department on October 16, 1984.

A pretrial motion to suppress evidence was heard by *John F. Murphy, Jr., J.*

An application for an interlocutory appeal was allowed by *Wilkins,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him.

*Ariane D. Vuono,* Assistant District Attorney, for the Commonwealth.

*Kevin B. Coyle* for the defendant.

HENNESSEY, C.J. The defendant, George Sergienko, an officer with the Chicopee police department, was indicted for possession of marihuana, a class D controlled substance, in violation of G. L. c. 94C, § 34, by a Hampden County grand jury in October, 1984. On February 4, 1985, the defendant filed a motion to dismiss the indictment and, in the alternative,

a motion to suppress evidence seized from his automobile. A hearing was subsequently held. On April 8, a judge of the Superior Court denied the motion to dismiss and allowed the motion to suppress. After allowing the Commonwealth's motion to reconsider and holding a subsequent hearing, the judge affirmed his earlier decision. The Commonwealth filed an application for leave to take an interlocutory appeal pursuant to Mass. R. Crim. P. 15 (b) (2), 378 Mass. 882 (1979), which was allowed by a single justice of this court. We do not agree with the reasoning recited by the judge in support of his allowance of the motion to suppress. Nevertheless, the judge's ruling may have been correct by reason of the failure of the police to secure a search warrant. As to that issue, it is necessary for us to remand the case for further findings as to consent to the search.

The judge found the following facts. On July 25, 1985, Sergeant Robert Gendron of the Chicopee police department returned to the police station at approximately 2:30 A.M. and parked his cruiser next to the defendant's Cadillac Eldorado. At the time both cars were parked in a parking lot owned by the city and located between the fire and police stations. The lot was used for parking police cruisers and private vehicles of members of each department, and could be used by the public when going to either the police or fire station. On leaving the police station at approximately 3:15 A.M. and recognizing the Cadillac as belonging to the defendant, Sergeant Gendron became curious to see the interior of the automobile and observe its condition. He testified that he had no special reason for looking into the automobile. He went to the side of the Cadillac, looked into the car with a flashlight, and saw a "roach clip" on the front seat. Looking further, he saw, in the open ashtray in the middle of the dashboard, a hand-rolled cigarette which he believed to be a marihuana cigarette. He tried to open the door to seize these items, but it was locked. He returned to the police station, telephoned the chief of police, Edmund Dowd, at home, and informed him of the facts.

At approximately 7:40 A.M., Chief Dowd, a Captain Peloquin, and the defendant went to the defendant's automobile, still parked in the parking lot where Gendron had seen it earlier.

Dowd indicated that he wanted to retrieve the item that he could see in the ashtray. The defendant unlocked the automobile door and gave the hand-rolled cigarette to Dowd. Later, in his office, Dowd asked the defendant where the item had come from. The defendant responded that he did not know anything about it. The cigarette was subsequently analyzed and found to contain marihuana.

In *Commonwealth* v. *Walker*, 370 Mass. 548, 557, cert. denied, 429 U.S. 943 (1976), we applied the plain view doctrine enunciated in *Coolidge* v. *New Hampshire*, 403 U.S. 443 (1971), and stated that "[t]he plain view doctrine requires prior police justification for an intrusion in the course of which an officer inadvertently comes across incriminating evidence." Citing this passage, the judge in this case granted the defendant's motion to suppress the seized marihuana cigarette on the ground that Sergeant Gendron lacked "prior justification" to be in the position which resulted in his observations. The Commonwealth argues that the plain view doctrine is not specifically applicable in this case because that doctrine, as described in *Coolidge* v. *New Hampshire, supra,* provides a basis for a warrantless seizure of evidence or contraband *after* a police officer has made a lawful intrusion into a constitutionally protected area. Rather, the Commonwealth says, we have in this case a "plain view observation," which involves no physical intrusion and generally occurs in a nonprotected area. Because there was no physical intrusion into the defendant's automobile when Sergeant Gendron observed the contraband, and the defendant had no reasonable expectation of privacy in the front seat of the automobile or the dashboard area, the Commonwealth argues that Gendron's conduct constituted no more than a plain view observation. We agree.

The Supreme Court has recognized the distinction advanced by the Commonwealth. In *Texas* v. *Brown*, 460 U.S. 730, 738 n.4 (1983), the plurality opinion stated: "It is important to distinguish 'plain view,' as used in *Coolidge* to justify *seizure* of an object, from an officer's mere observation of an item left in plain view. Whereas the latter generally involves no Fourth Amendment search, see . . . *Katz* v. *United States*,

389 U.S. 347 (1967), the former generally does implicate the Amendment's limitations upon seizures of personal property." See 1 W.R. LaFave, Search and Seizure § 2.2, at 320-323 (1987). Because a plain view observation does not implicate the Fourth Amendment, the "prior justification" requirement of the plain view doctrine need not be considered.

The key to understanding the distinction between the plain view doctrine and a plain view observation is a recognition that a plain view observation involves no intrusion into an area in which the defendant has a reasonable expectation of privacy. As long as no such intrusion occurs, the observation does not rise to the level of a search, and Fourth Amendment limitations are not triggered. *Commonwealth* v. *Ford*, 394 Mass. 421, 423-424 (1985). *Commonwealth* v. *Hason*, 387 Mass. 169, 172-173 (1982), and cases cited. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz* v. *United States, supra* at 351. Here, the defendant's automobile was parked in a parking lot open to and used by the public and the employees of both the police and fire departments. The marihuana cigarette was clearly visible on the dashboard ashtray. "The general public could peer into the interior of [the defendant's] automobile from any number of angles; there is no reason [Gendron] should be precluded from observing as an officer what would be entirely visible to him as a private citizen. There is no legitimate expectation of privacy . . . shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers. In short, the conduct that enabled [Gendron] to observe the interior of [the defendant's] car . . . was not a search within the meaning of the Fourth Amendment." *Texas* v. *Brown, supra* at 740. See *Scales* v. *State*, 13 Md. App. 474, 477-478 (1971); *State* v. *Powell*, 99 N.M. 381, 384-385 (Ct. App.), cert. denied, 99 N.J. 358 (1983); *State* v. *Planz*, 304 N.W.2d 74, 79-80 (N.D. 1981); *State* v. *Byerley*, 635 S.W.2d 511, 513 (Tenn. 1982).

Our cases similarly have acknowledged that no reasonable expectation of privacy, and thus no search, is involved when

a police officer observes criminal activity or contraband within an automobile without physically intruding into the vehicle. "If the officer had been able to observe the illegal activity in the van by standing in the parking lot, or at some other vantage point where he was legally entitled to be, and either looking through the two side windows or the windshield, or peering through the partially open door, this initial observation would not have intruded on any expectation of privacy which the defendants could reasonably have had in the circumstances. Such an initial observation, made without physical intrusion into the vehicle, would have been lawful and could provide probable cause for the issuance of a warrant or, in exigent circumstances, for a warrantless seizure." *Commonwealth* v. *Podgurski*, 386 Mass. 385, 388 (1982), cert. denied, 459 U.S. 1222 (1983). See *Commonwealth* v. *Ortiz*, 376 Mass. 349, 351-353 (1978); *Commonwealth* v. *Baldwin*, 11 Mass. App. Ct. 386, 390-391 (1981); 1 W.R. LaFave, Search and Seizure § 2.2, at 322-323 (1987).

The use of the flashlight by Sergeant Gendron does not alter this conclusion. We have previously held that the use of a flashlight to peer through a window is permissible so long as the police officer was rightfully in a position to make his observations. *Commonwealth* v. *Pietrass*, 392 Mass. 892, 901 n.12 (1984). *Commonwealth* v. *Cavanaugh*, 366 Mass. 277, 281 (1974), and cases cited. *Commonwealth* v. *Oreto*, 20 Mass. App. Ct. 581, 584-586 (1985). "Since it would not constitute a search for the officer to observe objects in plain view in the automobile in daylight, it ought not to constitute a search for him to flash a light in the car as he was walking past it in the night season." *United States* v. *Booker*, 461 F.2d 990, 992 (6th Cir. 1972). *Marshall* v. *United States*, 422 F.2d 185, 189 (5th Cir. 1970). See *Texas* v. *Brown, supra* at 740 ("the use of artificial means to illuminate a darkened area simply does not constitute a search, and thus triggers no Fourth Amendment protection"), and cases cited.

The conclusion that the initial observation of the marihuana cigarette was proper does not end our analysis. At approximately 7:40 A.M., almost four and one-half hours after the

marihuana cigarette was first observed, Chief Dowd, the defendant, and another police officer went to the defendant's automobile. Dowd requested that the defendant unlock the automobile door and turn over to him the cigarette that could be seen in the open ashtray in the middle of the dashboard. Absent a finding of consent on the part of the defendant permitting this action, this was a seizure requiring "probable cause and a warrant or exigent circumstances justifying the lack of a warrant." *Commonwealth* v. *Ortiz, supra* at 353. The defendant does not argue that the police officers lacked probable cause for the seizure under the circumstances, but does claim that no exigent circumstances can be shown. The Commonwealth bears the burden of demonstrating exigent circumstances sufficient to justify the seizure without a search warrant. *Id.* See *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 57 (1974). Although the judge did not reach the issue, and consequently made no findings as to exigency, we conclude as a matter of law that the Commonwealth failed to meet its burden.

A number of factors have been considered in determining whether exigent circumstances justify a seizure in the absence of a warrant. These factors include the mobility of the automobile, *Commonwealth* v. *Cavanaugh, supra* at 282, the defendant's knowledge that the police had been observing his activities, *Commonwealth* v. *Ortiz, supra* at 355, and the likelihood that evidence will be removed or destroyed, *Commonwealth* v. *Rand*, 363 Mass. 554, 558 (1973); *Commonwealth* v. *Haefeli*, 361 Mass. 271, 281 (1972). "In addition, police should consider how long it would take to obtain a warrant." *Commonwealth* v. *Pietrass, supra* at 899 (involving an arrest warrant). We consider the question whether exigent circumstances existed as of the time that Sergeant Gendron first observed the marihuana cigarette; not as of the time that the seizure occurred. "Haste does not become necessary in the present sense if the need for it has been brought about by deliberate and unreasonable delay. This would allow the exception to swallow the principle." *Commonwealth* v. *Forde*, 367 Mass. 798, 802 (1975), quoting *Niro* v. *United States*, 388 F.2d 535, 540 (1st Cir. 1968), and cases cited.

The facts disclose no exigent circumstances that would justify the warrantless seizure of the marihuana cigarette. The police waited almost four and one-half hours from the time of the initial observation to the actual seizure. The Commonwealth has failed to show that the police had insufficient time to procure a warrant. While it was possible that the defendant could have removed or destroyed the contraband during a break from work, the circumstances easily permitted surveillance of the defendant or the automobile. Given the actions of the police, this type of surveillance was apparently not necessary under the circumstances. Furthermore, the defendant was apparently not even aware of the initial observation or of the police suspicions. Finally, the Commonwealth may not argue that exigent circumstances existed because the seizure took place minutes before the defendant was scheduled to end his shift. The delay was caused by police inaction and may not be used as justification for a warrantless seizure. "[W]here the exigency is reasonably foreseeable and the police offer no justifiable excuse for their prior delay in obtaining a warrant, the exigency exception to the warrant requirement is not open to them." *Commonwealth* v. *Forde, supra* at 803.

Because no exigent circumstances existed to justify the warrantless seizure, the evidence was properly suppressed unless consent to the seizure can be demonstrated. The judge made no findings with respect to the consent question, and this issue was not argued before us. Consequently, we remand the case to the Superior Court for findings on the question whether, in opening the automobile door and handling the marihuana cigarette to Chief Dowd, the defendant consented to the seizure.

*So ordered.*