### COMMONWEALTH *vs.* WILLIAM B. EGGLESTON.

No. 06-P-1761.

Berkshire. January 8, 2008. - March 7, 2008.

Present: GREEN, KATZMANN, & GRAINGER, JJ.

Further appellate review granted, 451 Mass. 1108 (2008).

*Controlled Substances. Search and Seizure,* Motor vehicle, Exigent circumstances, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure, Probable cause.

A Superior Court judge properly denied the criminal defendant's motion to suppress evidence seized by police officers — who had probable cause to believe that the defendant's automobile contained illegal drugs — in a warrantless search of his automobile in a public place, where, pursuant to the automobile exception to the warrant requirement of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, particularized exigent circumstances were not required to justify the search. [365-367]

INDICTMENTS found and returned in the Superior Court Department on January 21, 2005.

A pretrial motion to suppress evidence was heard by *Daniel A. Ford,* J., and the cases were heard by *John A. Agostini,* J.

*Wendy H. Sibbison* for the defendant.

*Karen L. Carlo,* Assistant District Attorney, for the Commonwealth.

GREEN, J. On appeal from his conviction on various charges related to trafficking cocaine and possession of hydrocodone, the defendant claims error in the denial of his motion to suppress evidence seized in a warrantless search of his automobile, and statements he made while in custody. The defendant concedes that the police had probable cause at the time of the search to believe the automobile contained illegal drugs. Indeed, the defendant contends, the police had such probable cause for at least twenty-four hours preceding the search, giving them ample opportunity to have obtained a warrant prior to the search. Because

the police could have obtained a warrant to search the vehicle but did not, the defendant argues, there were no exigent circumstances to justify a warrantless search. Under the so-called automobile exception to the warrant requirement, however, particularized exigent circumstances are not required to justify a warrantless search of an automobile stopped in a public place. See *Commonwealth* v. *Motta*, 424 Mass. 117, 124 (1997). We accordingly conclude that the motion judge correctly denied the defendant's motion to suppress, and affirm the judgments of conviction.

*Facts.* We recite the findings of fact entered by the motion judge.[1] In late 2004, members of the Berkshire County drug task force began an investigation, based on information obtained from a number of different sources that the defendant was selling large quantities of cocaine. According to reliable sources, the defendant sold "crack" cocaine to many people in North Adams from his workplace at a tire store in North Adams. One source reported that he would call the defendant at a designated telephone number when he wanted to arrange a purchase, and would thereafter meet him in the parking lot next to the tire store to complete the purchase. The defendant typically conducted drug sales during his lunch break, or just before or after his work day. According to the sources, the defendant kept the cocaine either on his person or in his car, initially a red Toyota Corolla hatchback and later a white sport utility vehicle.

On January 5, 2005, police received information that the defendant was due to receive a "huge amount" of crack cocaine sometime between 1:00 and 2:00 P.M. on Thursday, January 6, 2005. The information did not include the location of the anticipated delivery. Also on January 5, 2005, police learned from another source that a particular named individual planned to purchase a large quantity of cocaine from the defendant on Friday, January 7, either at the tire store or at a car wash around the corner from the store. Sometime before 3:00 P.M. on January 7, police learned that the sale was going to occur after the defendant left work at 5:00 P.M. Police placed the store under

---

[1]We reserve to ourselves consideration of the constitutional issues raised by the defendant's claim of error. See *Commonwealth* v. *McDermott*, 448 Mass. 750, 762, cert. denied, 128 S. Ct. 257 (2007).

surveillance beginning at approximately 4:15 P.M.[2]; at about ten minutes before 5:00 P.M., they saw the defendant leave the store and walk to his vehicle. He started the vehicle's engine, and then returned to the store. When the defendant returned to his vehicle at 5:00 P.M., police officers approached the vehicle and instructed him to shut off the engine. The police then ordered the defendant from the vehicle and searched it, finding a large quantity of crack cocaine, various other items of contraband, and over $2,000 in cash in the center console.

*Discussion.* As we have noted, the defendant's claim rests on the premise that the police could have obtained a warrant prior to their search of his vehicle. Because the police could have obtained a warrant but did not, the defendant contends, their warrantless search of the vehicle was unjustified.

The automobile exception to the warrant requirement of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, as originally developed, excused the need for a warrant "when police have probable cause to believe that a motor vehicle on a public way contains contraband or evidence of a crime, and exigent circumstances make obtaining a warrant impracticable." *Commonwealth* v. *Cast*, 407 Mass. 891, 901 (1990). See *Carroll* v. *United States*, 267 U.S. 132, 153-154 (1925). However, "[t]he United States Supreme Court has eliminated the requirement of exigent circumstances to justify the warrantless search of a motor vehicle stopped in transit or seized or searched in a public place. *Pennsylvania* v. *Labron*, [518 U.S. 938, 940] (1996)." *Commonwealth* v. *Motta*, 424 Mass. at 122. The Supreme Court's departure from the requirement of exigent circumstances derives from an independent justification for a warrantless search: "the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation." *Pennsylvania* v. *Labron, supra.* Accordingly, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Ibid.* The Supreme Judicial Court has concluded that art. 14 of the Massachusetts Declaration of Rights furnishes

---

[2]Shortly after they began the surveillance, police saw the identified purchaser drive past, but not into, the tire store parking lot.

no greater protection: "when an automobile is stopped in a public place with probable cause, no more exigent circumstances are required by art. 14 beyond the inherent mobility of an automobile itself to justify a warrantless search of the vehicle." *Commonwealth* v. *Motta, supra* at 124.

Earlier Massachusetts cases held that the failure by police to obtain a warrant, when circumstances would have allowed them to do so, invalidated a warrantless search based upon probable cause. See, e.g., *Commonwealth* v. *Forde,* 367 Mass. 798, 800 (1975) (apartment); *Commonwealth* v. *Sergienko,* 399 Mass. 291, 296-297 (1987) (automobile). In such cases, there were no exigent circumstances to render impracticable the effort to obtain a warrant, so that the rationale of exigent circumstances could not justify the failure to obtain a warrant. With the elimination of exigent circumstances as a requirement to justify a warrantless search of an automobile stopped in a public place, however, it is of no consequence that the police might have been able to obtain a warrant before conducting the search in the case of an automobile. The rationale justifying the warrantless search is instead based on the reduced expectation of privacy in an automobile, coupled with the inherent mobility of an automobile in a public place.[3] See *Commonwealth* v. *Motta, supra* at 122-123.

As a practical matter, the inherent mobility of an automobile creates a level of fluidity or unpredictability that militates against assessing through too fine a lens the opportunity of police to obtain a warrant for the vehicle prior to a search. In the present case, for example, though police had ample cause to believe that the defendant routinely stored contraband in his vehicle and on his person, they had no way to know how events would unfold based on the information they held. Though the police were informed that the defendant had received a significant shipment of drugs the preceding day, and that he planned to complete a sale to a particular individual on the day of the search, the precise time and location of the sale were uncertain. Imposing a requirement on police that they obtain a warrant to search a vehicle based on a particular set of facts is impractical

---

[3]Where an automobile has been seized and held for an extended time prior to a search, a warrant must be obtained. See *Commonwealth* v. *Agosto,* 428 Mass. 31, 34-35 (1998).

when the inherent mobility of the vehicle creates the very real possibility that the officers will be presented with different facts when they proceed to execute the search. See *Commonwealth* v. *Cast, supra* at 906, quoting from *Cardwell* v. *Lewis,* 417 U.S. 583, 595-596 (1974) ("exigency may arise at any time and in a number of situations and the fact that police had probable cause and might have obtained a warrant earlier 'does not negate the possibility of a current situation's necessitating prompt police action,' since no principle would foreclose the right of officers to search a motor vehicle on probable cause and exigent circumstances 'if a warrant was not obtained at the first practicable moment' ").[4]

The motion judge correctly denied the defendant's motion to suppress, and the judgments of conviction are accordingly affirmed.

*Judgments affirmed.*

---

[4]The motion judge cited an alternative basis to justify the warrantless search: that the search was permissible incident to a valid arrest. Contrary to the defendant's assertion, the Commonwealth's failure to argue that theory before the motion judge or on appeal does not preclude it from serving as a basis to affirm the judge's ruling; we may affirm on any ground supported by the record, even if neither the Commonwealth nor the motion judge relied on it below. See *Commonwealth* v. *Va Meng Joe,* 40 Mass. App. Ct. 499, 503 n.7 (1996). Because we have concluded that the search was valid under the automobile exception to the warrant requirement, we need not (and do not) consider whether the search might have been justified as incident to the defendant's arrest.