NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11497


COMMONWEALTH  vs.  WILLIAM T. WHITE, JR.



Middlesex.        March 4, 2014. - July 11, 2014.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly &
Lenk, JJ.



Search and Seizure,  Arrest,  Container,  Inventory,  Plain
     view,  Protective frisk,  Search incident to lawful arrest.
     Constitutional Law,  Search and seizure,  Arrest.
     Controlled Substances.  Practice, Criminal,  Motion to
     suppress,  Warrant.




     Complaint received and sworn to in the Cambridge Division
of the District Court Department on April 13, 2007.

     A pretrial motion to suppress evidence was heard by
Severlin B. Singleton, III, J., and the case was heard by
Michele B. Hogan, J.

     After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


     Edward R. Molari for the defendant.
     Crystal Lee Lyons, Assistant District Attorney, for the
Commonwealth.


     GANTS, J.  The issues presented in this case concern the

lawful scope of a search incident to arrest, an inventory

search, and a seizure under the plain view doctrine where a defendant is arrested on outstanding arrest warrants. Because we conclude that, in the circumstances of this case, the police exceeded the lawful scope of a search under each of these exceptions to the warrant requirement, we reverse the denial of the defendant's motion to suppress, vacate the defendant's conviction, and remand the case for a new trial.

Background. We summarize the facts as found by the motion judge, supplementing those findings with evidence in the record that is uncontroverted and that was implicitly credited by the judge. See Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007), S.C., 450 Mass. 818 (2008).

On the morning of April 13, 2007, Officers Steven Bikofsky and Brian Hussey of the Cambridge police department, while on patrol in a marked cruiser, learned that the registered owner of a motor vehicle they observed had two outstanding arrest warrants, one for violation of a protective order under G. L. c. 209A and another for a drug offense. They stopped the motor vehicle by pulling behind it and activating the cruiser's blue lights. Officer Bikofsky approached the motor vehicle on foot and asked the driver for his driver's license. After confirming that the driver (the defendant) was the registered owner, Officer Bikofsky ordered him out of the vehicle, handcuffed him, and placed him under arrest on the outstanding warrants.

Officer Bikofsky then pat frisked the defendant's outer clothing. The officer felt a small, hard object in the defendant's front pants pocket that he believed to be a prescription pill container. He asked the defendant what it was, and the defendant replied that it was his blood pressure medication. The officer removed the pill container from the defendant's pocket and saw that the defendant's name was on the container's label and that there was one pill inside. He then continued the patfrisk of the defendant and felt a similar object, which he removed from the defendant's pocket. This was a black opaque plastic "One Touch" container that the officer knew normally would contain small, thin strips for use with a blood sugar testing kit. But when the officer shook the container, the sound was more consistent with the presence of pills than the presence of these strips. The officer opened the container and saw several pills inside, which the defendant said were also for his blood pressure. The officer was unfamiliar with these pills, but because they appeared dissimilar to those in the prescription container, he decided to retain them for further investigation.

Before transporting the defendant to the station for booking, Officer Bikofsky asked the defendant if he wanted his vehicle towed to the station or secured where it was parked. The defendant said that he wanted his vehicle secured and left

where it was parked.  Officer Hussey then entered the vehicle to retrieve the keys from the ignition so that he could lock the doors to the vehicle.  While doing so, he saw in plain view on the front passenger seat another prescription pill container with no label and pills inside that were identical to the pills in the "One Touch" container.

After returning to the police station, Officer Bikofsky accessed a medical information Web site on the Internet in an attempt to identify the pills in the "One Touch" and unlabeled containers.  He succeeded in identifying them as ten-milligram methadone pills by matching the color, shape, and number imprinted on the pills with the image of a ten-milligram methadone pill on the Web site.  Because the defendant did not have a valid prescription for the methadone pills, he was charged with illegal possession of a class B substance, in violation of G. L. c. 94C, § 34.

The defendant moved to suppress all the evidence seized as a result of his arrest on the outstanding warrants.  A judge of the District Court denied the motion.  The defendant then waived his right to a jury trial and was found guilty by another judge of the illegal possession of methadone after a "stipulated

facts" trial on April 28, 2008, in which the defendant admitted to having possessed the pills without a prescription.[1]

A panel of the Appeals Court affirmed the denial of the motion to suppress in an unpublished decision pursuant to its rule 1:28.[2]  Commonwealth v. White, 83 Mass. App. Ct. 1127 (2013).  The panel concluded that Officer Bikofsky properly discovered the "One Touch" container during a search of the defendant's person incident to arrest, because it was a hard object "that merited further investigation."  The panel ruled that it was proper for him to open the container when he shook it and heard sounds more consistent with pills than with thin strips, and that he had reasonable grounds to seize the pills in accordance with G. L. c. 276, § 1, "as evidence plausibly related to" the drug offense that was the underlying offense in one of the two outstanding warrants on which the defendant was arrested.  The panel also concluded that Officer Hussey lawfully entered the defendant's vehicle to retrieve the keys and secure it, saw the unlabeled container in plain view, and was entitled to seize the pills because they, too, were plausibly related to

---

[1] The defendant was sentenced to six months in a house of correction, suspended, and one year of probation, with special conditions.

[2] The defendant filed a notice of appeal on May 13, 2008, but the case was not docketed in the Appeals Court until April 9, 2012.  The record is silent regarding the reason for this unusual delay.

the drug offense described in the outstanding warrant.  The panel concluded that, where the pills were seized for these reasons, Officer Bikofsky did not need a search warrant to conduct a "close visual examination and [I]nternet comparison of these pills."[3]

Discussion.  In United States v. Robinson, 414 U.S. 218, 234-236 (1973), the United States Supreme Court concluded that a search incident to arrest for weapons, contraband, or evidence is reasonable under the Fourth Amendment to the United States Constitution, regardless of whether the contraband or evidence is related to the crime of arrest.[4]  The next year, through an amendment to G. L. c. 276, § 1, St. 1974, c. 508, "the Legislature adopted a statutory exclusionary rule concerning evidence seized during a search incident to an arrest [that] requires the exclusion of evidence that the Supreme Court of the

---

[3] The panel of the Appeals Court rejected the Commonwealth's argument that Officer Stephen Bikofsky's investigative comparison of these pills with photographs of pills on the Internet was part of a proper inventory search.

[4] In United States v. Robinson, 414 U.S. 218, 220-222 (1973), a police officer arrested the defendant for operating a motor vehicle after revocation of his operator's permit, and conducted a search incident to arrest.  During the course of the search, the police officer felt an unknown object in the breast pocket of the defendant's heavy jacket, and pulled out the object, which turned out to be a "crumpled up cigarette package."  Id. at 223.  The police officer then opened the cigarette package, revealing fourteen capsules containing white powder that appeared to be (and later proved to be) heroin.  Id.

United States would not exclude in its implementation of the prohibition against unreasonable searches and seizures" under the Fourth Amendment. Commonwealth v. Toole, 389 Mass. 159, 161 (1983). Under the amended G. L. c. 276, § 1, the police are authorized to conduct a search incident to arrest "only (1) for the purpose of seizing evidence of the crime for which the arrest has been made in order to prevent its destruction or concealment or (2) for the purpose of removing any weapon the person arrested might use to resist arrest or to escape."[5] Commonwealth v. Blevines, 438 Mass. 604, 607 (2003), quoting Commonwealth v. Wilson, 389 Mass. 115, 118 (1983). See Wilson, supra (by amending G. L. c. 276, § 1, "the Legislature signaled its disapproval of the general rule that evidence of another crime found during a search incident to arrest may be admitted in evidence against the arrested person").

Here, the defendant was arrested on outstanding arrest warrants for violation of a protective order under G. L. c. 209A

---

[5] By St. 1974, c. 508, the following paragraph was added to G. L. c. 276, § 1:

> "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings."

and for a drug offense.  Therefore, the crimes for which the defendant was arrested were allegedly committed at an unknown time in the past, not at or shortly before the time of arrest. Officer Bikofsky reasonably could not have conducted a search incident to arrest for the purpose of seizing contraband or evidence related to the prior crimes of arrest, because there was no reason to believe that any such contraband or evidence would have any connection to those prior crimes.[6] Consequently, the lawful scope of his search incident to arrest was limited to a search for weapons that the defendant might use to resist arrest or escape, or objects that might be used as a weapon.  See Commonwealth v. Clermy, 421 Mass. 325, 328-329 (1995) (where defendant arrested on outstanding motor vehicle default warrant, search incident to arrest limited to search for weapons).  It was reasonable for the officer to pat frisk the defendant for possible weapons and, where he felt a hard object,

---

[6] We reject the conclusion of the Appeals Court panel that Officer Bikofsky was authorized to search for drugs under G. L. c. 276, § 1, because one of the outstanding warrants was for an earlier drug offense, especially where the evidentiary record is silent as to the date of this offense, the nature of the offense, and the type of drug at issue.  The Commonwealth, in opposing the defendant's motion to suppress, described the outstanding warrant on the drug offense as "a post dispositional default warrant" on a 1992 case for possession of a class A substance.  Drugs seized at the time of arrest would not generally be evidence of the defendant's possession, sale, or distribution of drugs at the time of the earlier drug offense, and would certainly not be evidence where the arrest warrant, as here, was for a postdispositional default.

to examine the object to assure himself that it could not be used as a weapon and did not contain a weapon, such as a razor blade. See Blevines, 438 Mass. at 608 (officer justified in retrieving as potential weapon "hard object" [keys] discovered during patfrisk). After he shook the "One Touch" container, he recognized that it contained only pills and did not contain anything that could be used as a weapon. Once it was plain the container held no weapon, the officer was not authorized under G. L. c. 276, § 1, to open the container because its contents reasonably could not be contraband or other evidence "of the crime for which the arrest" was made. See Blevines, 438 Mass. at 608 (because keys found on defendant during search incident to arrest "bore no relationship to the crime of drinking in public, the offense for which the defendant was arrested[,] . . . the police could not seize the keys as evidence related to that offense" and were not permitted to use keys "for purposes of investigation").

The "One Touch" container, however, lawfully could be opened in accordance with the inventory policy of the Cambridge police department, where that policy was admitted in evidence at the suppression hearing and provides that, at booking, "[a]ny container or article found on the arrestee's person . . . will be opened and its contents inventoried." See Commonwealth v. Vuthy Seng, 436 Mass. 537, 550, cert. denied, 537 U.S. 942

(2002) ("It is clear that, before a person is placed in a cell, the police, without a warrant, but pursuant to standard written procedures, may inventory and retain in custody all items on the person, including even those within a container"); Commonwealth v. Bishop, 402 Mass. 449, 451 (1988) (inventory search lawful under art. 14 of Massachusetts Declaration of Rights where conducted pursuant to standard, written police procedures). Inventory searches "are justified to safeguard the defendant's property, protect the police against later claims of theft or lost property, and keep weapons and contraband from the prison population." Vuthy Seng, supra at 550-551. "Such inventory searches are intended to be 'noninvestigatory.'" Vuthy Seng, supra at 551, citing Commonwealth v. Alvarado, 420 Mass. 542, 553 (1995). "Noninvestigatory" means that a police officer, when looking, for instance, at a bank card seized during an inventory search, may see what is "obvious" from the card, such as the bank name and logo on the front of the card, but may not examine the card "closely enough to comprehend (and record) the multi-digit account numbers that were written on the back of the card" where "no valid inventory purpose would be served by recording the detailed information." Vuthy Seng, supra at 551-552. See Commonwealth v. Sullo, 26 Mass. App. Ct. 766, 770 (1989) ("What the police may not do is hunt for information by sifting and reading materials taken from an arrestee which do

not so declare themselves").  Here, Officer Bikofsky, who was not the booking officer, examined the seized pills from the container solely for an investigative rather than an inventory purpose by using the number imprinted on the pills to identify them on an Internet Web site.  The investigative use of these pills transformed a lawful inventory seizure of the pills into an unlawful investigatory search of the pills.  Vuthy Seng, supra at 554.  A search warrant was required to examine the pills for investigative purposes.  Id. (police not permitted to "investigate the information in the wallet without obtaining a search warrant").  Therefore, the judge erred in denying the motion to suppress the pills found in the "One Touch" container.

The pills in the unlabeled pill container found in the defendant's vehicle also should have been suppressed even though Officer Hussey lawfully entered the vehicle to retrieve the keys from the ignition in order to secure the vehicle, and the unlabeled container was found in plain view on the front passenger seat.  Under our plain view doctrine, a police officer may seize objects in plain view where four requirements are met: (1) the officer is "lawfully in a position to view the object"; (2) the officer has "a lawful right of access to the object"; (3) with respect to "contraband, weapons, or other items illegally possessed, where the incriminating character of the object is immediately apparent" or, with respect to "other types

of evidence ('mere evidence'), where the particular evidence is plausibly related to criminal activity of which the police are already aware"; and (4) the officer "come[s] across the object inadvertently."  Commonwealth v. Sliech-Brodeur, 457 Mass. 300, 306-307 (2010) (noting that first three requirements are mandated by Fourth Amendment to United States Constitution and fourth by art. 14 of Massachusetts Declaration of Rights). Here, the first, second, and fourth requirements were met, but not the third:  it was not "immediately apparent" that the pills in the unlabeled prescription pill container were contraband until Officer Bikofsky conducted his Internet search, and the pills could not "plausibly" have been evidence related to known criminal activity where the defendant had been arrested on outstanding arrest warrants.  Because the warrantless seizure of the pills in this container was not authorized under the plain view doctrine, the judge erred in denying the motion to suppress these pills as well.

Conclusion.  We reverse the denial of the motion to suppress, vacate the defendant's conviction, and remand the case to the District Court for a new trial.

So ordered.