The defendant, Jason Bly, appeals from his conviction of unlawful possession of a class B controlled substance, G. L. c. 94C, § 34, claiming that the Commonwealth presented insufficient evidence to support his conviction. He also argues that the motion judge erred in denying his motion to suppress evidence seized by the police. We affirm.
1. Motion to suppress. After an evidentiary hearing, the motion judge found the following facts, which the defendant does not challenge. On the evening of October 10, 2013, Boston police Officer Louie Lopez was on patrol in the Dorchester area. He received a radio call for "shots fired" nearby, and proceeded to the scene, arriving within one minute of the call. When he arrived, he observed a minivan in the middle of the roadway, disabled, with apparent bullet damage to the front windshield and a shattered front passenger window. Officer Lopez also observed three individuals standing nearby. He approached the group and asked if anyone knew who had been operating the minivan; the defendant stepped forward and identified himself as the driver.
Officer Lopez then informed the defendant that he was going to pat frisk him, because Officer Lopez was unable to determine whether the damage had been caused by a bullet entering the windshield or exiting it, and he was concerned that there was an armed shooter in the vicinity. As the defendant raised both of his hands, palms facing out, Officer Lopez observed, in plain view, a cellular telephone and clear plastic baggie in the defendant's right hand. Inside the baggie appeared to be a number of small pills, and it was knotted on top. Based on his training and experience, Officer Lopez believed that the baggie contained illegal drugs packaged for street-level sale. He took the baggie out of the defendant's hand; the defendant stated that the pills were Percocets, and that he had a prescription for them. Officer Lopez then arrested the defendant.
a. Patfrisk of the defendant. The Fourth Amendment to the United States Constitution permits a police officer to conduct a patfrisk for concealed weapons where the police officer reasonably believes that the individual is armed and dangerous, provided that such a search is confined to what is minimally necessary to learn whether the suspect is armed. Commonwealth v. Wilson, 441 Mass. 390, 394, 396 (2004), citing Terry v. Ohio, 392 U.S. 1, 29-30 (1968). See Commonwealth v. Narcisse, 457 Mass. 1, 9 (2010). The officer's actions must be based on specific and articulable facts and reasonable inferences therefrom, in light of the officer's training and experience. Commonwealth v. Silva, 366 Mass. 402, 406 (1974). An officer does not need to be certain that a person is armed; instead our inquiry focuses on whether a reasonable and prudent officer in the same situation would feel concerned for the officer's safety or the safety of others. Commonwealth v. Matthews, 355 Mass. 378, 381 (1969). The determination whether the officer's belief was objectively reasonable must be made while considering the totality of the circumstances surrounding the frisk. Commonwealth v. Hawkes, 362 Mass. 786, 789 (1973).
Here, the motion judge found, and we agree, that Officer Lopez reasonably feared for his safety and the safety of others, and thus his decision to pat frisk the defendant was reasonable. At the point he informed the defendant of his intention to pat frisk him, Officer Lopez was the sole police officer at the scene of a nighttime shooting, where he did not know if the shots came from inside or outside the minivan, and where he was outnumbered by the other bystanders. Thus, there was no error in the judge's conclusion.
b. Seizure of the pills. "[A] police officer may seize objects in plain view where four requirements are met: (1) the officer is 'lawfully in a position to view the object'; (2) the officer has 'a lawful right of access to the object'; (3) with respect to 'contraband, weapons, or other items illegally possessed, where the incriminating character of the object is immediately apparent' ... ; and (4) the officer 'come[s] across the object inadvertently.' " Commonwealth v. White, 469 Mass. 96, 102 (2014), quoting from Commonwealth v. Sliech-Brodeur, 457 Mass. 300, 306-307 (2010). Although an observation of an item in plain view does not constitute a search, Commonwealth v. Sergienko, 399 Mass. 291, 294-295 (1987), a seizure of an item in plain view "intrudes upon the owner's possessory interest in that item and thus implicates constitutional considerations." Commonwealth v. Figueroa, 412 Mass. 745, 749 n.6 (1992). Such a seizure, absent the defendant's consent, must be supported by probable cause. Sergienko, supra at 296.
The defendant takes issue with the third prong of the test, arguing that the incriminating nature of the pills was not apparent until after Officer Lopez seized the baggie and the defendant informed him that the pills were Percocets. We disagree. Here, Officer Lopez testified that when the defendant raised his hands, he observed in the defendant's right hand a small clear baggie, knotted on top, containing a number of small pills. From his training and experience, Officer Lopez believed that the pills were drugs, packaged for street-level sale. While a plastic baggie may be "capable of use for a lawful as well as an unlawful purpose," Commonwealth v. Rivera, 27 Mass. App. Ct. 41, 43 n.3 (1989), if there is "some characteristic of the particular baggie observed in plain view that indicates that it is being used for an unlawful purpose, that fact alone may be enough to justify seizure." Commonwealth v. Garcia, 34 Mass. App. Ct. 645, 650 (1993). Thus, Officer Lopez's seizure of the baggie was proper. See ibid., quoting from Texas v. Brown, 460 U.S. 730, 742 (1983) ("Probable cause 'merely requires that the facts available to the officer would "warrant a [person] of reasonable caution in the belief" ... that certain items may be contraband' ").
2. Sufficiency of the evidence. The defendant next claims that the Commonwealth presented insufficient evidence to support his conviction. Specifically, he argues that he properly raised the affirmative defense of license, that he supported this defense with evidence sufficient to shift the burden back onto the Commonwealth, and that the Commonwealth failed to meet its burden of disproving this defense. However, before a criminal defendant can raise an affirmative defense at trial, he must provide adequate notice of the planned defense to the Commonwealth. Mass.R.Crim.P. 14(b)(3), as appearing in 442 Mass. 1518 (2004). Failure to provide proper notice "renders the claim [of license] unavailable as a defense." Commonwealth v. Humphries, 465 Mass. 762, 771 (2013) (quotation omitted). Here, given the absence of notice pursuant to rule 14, the Commonwealth had no burden to prove the lack of a prescription beyond a reasonable doubt, and the defendant's failure to comply with the notice requirement is fatal to his claim. See Commonwealth v. O'Connell, 438 Mass. 658, 665 (2003).
Furthermore, even if the defendant had not waived the affirmative defense, he did not produce evidence sufficient to shift the burden back onto the Commonwealth. Because the "primary characteristic of an affirmative defense [is] whether it 'involves a matter of ... justification peculiarly within the knowledge of the defendant,' " it stands to reason that he bears the burden of producing some evidence to support his defense. Commonwealth v. Vives, 447 Mass. 537, 540-541 (2006), quoting from Commonwealth v. Cabral, 443 Mass. 171, 179 (2005). Where the defense to an illegal drug possession offense depends on the defendant having a prescription for the drugs, the existence of such a prescription is peculiarly within the knowledge of the defendant, such that meeting this initial burden of production "would involve the very simple task ... of produc[ing] that slip of paper indicating [such authorization]." Commonwealth v. Gouse, 461 Mass. 787, 806 (2012) (quotations omitted). See Commonwealth v. Jefferson, 377 Mass. 716, 718-719 (1979) (claim of authority to possess then-illegal hypodermic needle required defendant to produce some proof of such authority, such as prescription). Then, if "any view of the evidence would support a factual finding that the defendant [had a prescription for the pills], the defendant has met his burden of production and it is incumbent on the Commonwealth to disprove the defense." Vives, supra at 541.
Here, aside from his self-serving and uncorroborated statement to police that he had a prescription for the pills, the defendant presented no other evidence to support his defense. Instead, he relies on what he identifies as gaps in the police officers' trial testimony regarding what they did or did not find upon searching the defendant and his vehicle. This is nothing more than an attempt to shift the initial burden of production back to the Commonwealth, which is contrary to the law. On the other hand, the Commonwealth presented sufficient evidence from which the trial judge could find that the pills were illegal. And, as the judge did find, the Commonwealth met its burden "by establishing the pills were in a loose container, there was no prescription bottle found in the vehicle or in the defendant's possession, [and] there was no prescription found in the defendant's possession or the vehicle." These findings were supported by the evidence. There was no error.
Judgment affirmed.