NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-113

COMMONWEALTH

vs.

BRANDON L. JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from the order of a District Court judge suppressing evidence including heroin that police found in the defendant's pockets during his arrest on an unrelated warrant.  Because the Commonwealth did not prove that the search complied with the statutory requirements for a search incident to arrest, see G. L. c. 276, § 1, we affirm.

Background.  Based on the evidence at the hearing on the defendant's motion to suppress evidence, the judge found as follows.  On August 7, 2022, Pittsfield police Officer David Carusotto and his partner were in an unmarked cruiser when they saw a Chevrolet Silverado pickup truck being driven by a man who they knew had an outstanding arrest warrant.  The police stopped

the truck.  While his partner interacted with the driver, Officer Carusotto spoke to the passenger, the defendant, whom Officer Carusotto had known for years.  The defendant was holding a black tote bag by its straps so that it dangled between his legs.  Officer Carusotto learned from a police dispatcher that the defendant also had an outstanding arrest warrant and told the defendant he was under arrest.  The defendant became visibly nervous, shaking and sweating, and dropped the black tote bag to the floor of the truck.

Police removed the defendant from the truck and handcuffed him.  Officer Carusotto took the black tote bag and put it in his cruiser, without pat frisking it.  Officer Carusotto walked the defendant to a second police cruiser that had arrived as backup.  Then Officer Carusotto searched the defendant and in his front pockets found packets of heroin and cash.  After securing the defendant in the second cruiser, Officer Carusotto went to his cruiser and looked inside the black tote bag, which contained items including a loaded firearm and a digital scale.

The judge allowed the motion to suppress, concluding that the Commonwealth did not prove that the police search of the defendant's pockets was for the purposes permitted by the search incident to arrest statute, G. L. c. 276, § 1, or that it was permitted by any other exception to the warrant requirement. The judge further concluded that the subsequent search of the

black tote bag was as a result of the improper search of the defendant's pockets.  The Commonwealth appeals.

Discussion.  1.  Search incident to arrest.  The Commonwealth argues that the judge erred in ruling that the police search of the defendant's pockets was not a valid search incident to arrest.  The Commonwealth contends that the judge "conflated" the standard for police patfrisk of an individual based on reasonable suspicion with that for search for weapons incident to arrest.  We are not persuaded.

The search incident to arrest statute provides:

> "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape.  Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings" (emphasis added).  G. L. c. 276, § 1.

That statutory exclusionary rule was created by an amendment, St. 1974, c. 508, enacted one year after the Supreme Court decided United States v. Robinson, 414 U.S. 218, 234-235 (1973).  The amendment signaled the Legislature's "disapproval" of a rule permitting police to conduct searches incident to arrest for evidence of other crimes.  Commonwealth v. White, 469 Mass. 96, 100 (2014), quoting Commonwealth v. Wilson, 389 Mass. 115, 118 (1983).  Thus, to justify a search as incident to an

3

arrest, the Commonwealth must prove that it was conducted for one of the purposes permitted by G. L. c. 276, § 1.

In the circumstances of this case, to justify the search of the defendant's pockets under G. L. c. 276, § 1, the Commonwealth was required to prove that the purpose of the search was to remove weapons that he might use to resist arrest or escape. Case law has interpreted "any weapons" in that statute to include a variety of items. See, e.g., Commonwealth v. Barillas, 484 Mass. 250, 255 (2020) (cell phone); Commonwealth v. Blevines, 438 Mass. 604, 608 (2003) (car keys); Commonwealth v. Clermy, 421 Mass. 325, 328-329 (1995) (prescription bottle). See also Commonwealth v. Barbosa, 92 Mass. App. Ct. 587, 591-592 (2018) (hotel room key with immediate evidentiary significance in human trafficking case).

During the suppression hearing, after the officer testified that he escorted the defendant to the police cruiser, this exchange took place:

PROSECUTOR: "And at [the] cruiser, what did you do?"

OFFICER CARUSOTTO: "So we opened the door and we patted [the defendant] down, just to make sure he didn't have any weapons or anything on him."

PROSECUTOR: "Did [the defendant] have anything on him?"

OFFICER CARUSOTTO: "He had [seventeen] bags of heroin and a good amount of cash on him."

The officer testified that the heroin was in one of the defendant's front pockets, and the money was in the other.

4

The prosecutor did not ask the officer what he felt when he patted the defendant down, or what his purpose was in searching the defendant's pockets. The judge found that, before seizing the items in the defendant's pockets, Officer Carusotto did not believe that they could be a weapon and did not recognize them by feel as contraband. Absent any testimony about the purpose of the search of the defendant's pockets, we discern no clear error or abuse of discretion in the judge's determination that the Commonwealth did not prove that the search was justified under G. L. c. 276, § 1.

To the extent that the judge's memorandum cited Commonwealth v. Wilson, 441 Mass. 390, 396-397 (2004), a case involving a patfrisk in the context of a Terry stop, we read the memorandum as concluding that the Commonwealth did not prove that the search of the defendant's pockets was justified on that alternative basis. See Commonwealth v. Torres-Pagan, 484 Mass. 34, 37 (2020) (based on reasonable suspicion that individual is armed and dangerous, officer may pat frisk for weapon). The judge found that, during his interaction with the defendant, Officer Carusotto had a generalized concern for his safety, but did not describe any reason to believe that the defendant was armed or dangerous.

2. Inventory policy. The Commonwealth further argues that the judge "intervene[d] on an unraised ground" when she

5

concluded that the Commonwealth had not shown that the search of the defendant's pockets and the black tote bag could be justified because the evidence in them would have been inevitably discovered during an inventory search of the defendant at booking. The Commonwealth contends that the judge improperly considered those theories because the defendant did not raise them in his motion to suppress. The argument is unavailing.

Pursuant to Mass. R. Crim. P. 13 (a) (2), as appearing in 442 Mass. 1516 (2004) (rule 13), a motion to suppress "shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity." The Supreme Judicial Court has interpreted that rule to require the defendant's motion to state "the suppression theories at issue," Commonwealth v. Delossantos, 492 Mass. 242, 248 (2023), quoting Commonwealth v. Dew, 478 Mass. 304, 309 (2017), and to give "fair notice 'of the particular search or seizure that the defendant is challenging.'" Delossantos, supra, quoting Commonwealth v. Mubdi, 456 Mass. 385, 389 (2010). The defendant did that here when he stated in his motion that he was seeking to suppress "17 Bags of Heroin" and a ".22 Caliber Revolver" that were seized during a "search . . . conducted absent an exception to the warrant requirement." We do not read

6

rule 13 or the cases interpreting it to require the defendant's motion to suppress to specify the theories on which the Commonwealth might justify a warrantless search.  On the contrary, the Commonwealth always bears the burden of proving the reasonableness of a warrantless search.  See Commonwealth v. Roderick, 490 Mass. 669, 672 (2022), citing Commonwealth v. Antobenedetto, 366 Mass. 51, 57 (1974).

The Commonwealth does not argue that it did justify the searches of the defendant's pockets or the black tote bag under an inventory policy or on a theory of inevitable discovery.[1]  In those circumstances, the Commonwealth was not prejudiced by the judge's reference to those theories.  Contrast Commonwealth v. Lugo, 102 Mass. App. Ct. 170, 176-177 (2023) (judge ruled in Commonwealth's favor on theory not raised by Commonwealth or briefed by either party, which was unsupported by evidence).  If

---

[1] The Commonwealth did not introduce -- or even elicit a description of -- any inventory policy, either for vehicles or for arrested persons.  Officer Carusotto testified that police began an inventory search of the truck, but stopped after learning that the driver's girlfriend was coming to take the truck.

7

anything, we read the judge's mention of those alternative theories as a teachable moment for the prosecutor.

Order dated December 11, 2023, allowing motion to suppress, affirmed.

By the Court (Ditkoff, Grant & Toone, JJ.[2]),

*Paul Little*

Clerk

Entered:  February 6, 2025.

---

[2] The panelists are listed in order of seniority.